Argued and submitted March 14, affirmed July 11, 1984

VIDICRAFT, INC.,
*Petitioner,*

*v.*

DEPARTMENT OF ECONOMIC DEVELOPMENT,
*Respondent.*

(CA A28166)

684 P2d 24

Richard G. Spier, Portland, argued the cause for petitioner. With him on the brief were Ronald A. Shellan and Sussman, Shank, Wapnick, Caplan & Stiles, Portland.

Kay Kiner James, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Christine L. Dickey, Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff appeals from a final order of the Department of Economic Development denying it certification for an investment tax credit under the Economically Lagging Areas Act. ORS 280.610-280.670; ORS 316.093; ORS 317.128. Plaintiff is located in an area which was formerly certified as an economically lagging area under the act but which was decertified before plaintiff filed its application for the credit. It challenges the procedures which led to the decertification. We affirm.

Under the act, the Governor may certify an area as an economically lagging area based on the recommendations of the Economic Development Commission. The Governor takes the Commission's recommendations into account and may certify any or all of the recommended areas; he apparently may not certify an area that the Commission has not recommended. The final decision on the recommended areas, however, is his. ORS 280.630(1), (3). The Commission reviews the certified areas annually to determine which, if any, has recovered sufficiently to be decertified. It submits its recommendations for decertification to the Governor who "may decertify any or all of the eligible areas certified pursuant to this section." ORS 280.630(4).[1] The final decision, again, is the Governor's. In contrast to certification, however, the Governor's decertification choices are not limited to the Commission's recommendations. He may decertify any area, whether or not the Commission has recommended it for decertification.

Plaintiff's primary argument is that the Commission's recommendation that the area in which it is located be decertified constituted a rule and that the Commission therefore had to follow the rulemaking procedures of ORS 183.325 through 183.410 before making it. We disagree. A rule means "any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy * * *." ORS 183.310(8). The Commission in its

---

[1] ORS 280.650(8) prohibits certification of any investment for a tax credit after January 1, 1982. Plaintiff's application was timely, and the department denied its application before January 1, 1982. In view of our disposition of this case, we need not decide whether the department could still certify plaintiff's investment based on that application.

recommendations does not implement, interpret or prescribe law or policy. It simply recommends what action the decision maker—the Governor—should take. Its specific recommendations on decertification are neither binding on the Governor nor necessary to his actions; he may retain certification for an area that the Commission recommends be decertified, and he may decertify an area it recommends be retained. The rule, if there is one, is the Governor's action, not the Commission's. However, the Governor acted by executive order, and such orders are not rules for the purposes of ORS ch 183. ORS 183.310(8)(e).[2] The decertification was valid.

Affirmed.

---

[2] There is no merit to plaintiff's contention that it was improper for the Governor to act by executive order in making his decertification decision.